IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICK WARDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3431-N |
| | § | |
| JAMES HARDIE BUILDING PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant James Hardie Building Products, Inc.'s ("James Hardie") partial motion to dismiss [5]. Because the EEOC charge signed by Plaintiff Rick Warden failed to allege retaliation, the Court dismisses that claim with prejudice. The Court holds that Warden's checking the box for "Age" on his EEOC charge constitutes an allegation of age discrimination sufficient to survive a motion to dismiss. Accordingly, the Court grants in part and denies in part James Hardie's motion.

### I. THE ORIGINS OF THE DISPUTE

This case is an employment dispute based on Warden's allegedly wrongful termination. Warden suffered a medical event in 2016 that resulted in his developing a left-side limp. Pl.'s Resp. to Def.'s Mot. to Dismiss 1 [8]. James Hardie fired Warden in October 2019, and less than six months later he visited an Equal Employment Opportunity Commission ("EEOC") field office to complain. *Id.* at 2. An EEOC employee drafted a charge based on the facts provided by Warden, which Warden signed. *Id.* Warden

ORDER – PAGE 1

simultaneously cross-filed the document with the Texas Workforce Commission ("TWC"). *Id.* The form on which the charge was prepared provided a section to detail the factual allegations giving rise to the complaint. This portion of Warden's charge, in its totality, read:

> I. Personal Harm:
> On October 1, 2019, I was terminated from the Industrial Electrician position by Mike Brewster (Maintenance Manager).
>
> II. Respondent's Reason for Adverse Action:
> I was told by Mike Brewster (Maintenance Manager) that I was being terminated because there [sic] were concerned about my safety.
>
> III. Discrimination Statement:
> I believe that I was discriminated against based on my disability, and/or because I was regarded as disabled, in violation of the Americans with Disabilities Act of 1990, as amended.

Def.'s App. Supp. Mot. to Dismiss 1 [6-1] ("Def.'s App."). Warden subsequently commenced this action, advancing claims under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Texas Labor Code. Pl.'s Compl. ¶¶ 21–34 [1]. James Hardie has moved to dismiss Warden's claims for retaliation and for age discrimination.

## II. THE RULE 12(B)(6) STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is

ORDER – PAGE 2

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Finally, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Courts in this District have concluded that an EEOC charge constitutes a document "central to the plaintiff's claim," thus permitting consideration of a

ORDER – PAGE 3

charge attached to a motion to dismiss.  *See, e.g.*, *McIntyre v. Tyson Fresh Meats, Inc.*, 2021 WL 489224 *5 (N.D. Tex. 2021); *Edwards v. Mesquite Indep. Sch. Dist.*, 2019 WL 2191219 *3 n.1 (N.D. Tex. 2019).

### III.  THE COURT DISMISSES THE RETALIATION CLAIM BUT NOT THE AGE DISCRIMINATION CLAIM

A plaintiff advancing employment law claims under ADA, ADEA, or the Texas Labor Code must exhaust his administrative remedies before filing a lawsuit.  *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  Under all of these statutes, exhaustion requires filing a charge with the EEOC (for ADA or ADEA claims) or the TWC (for claims under Texas law).  *See Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207 (5th Cir. 2015) (ADA and ADEA); *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020) (Texas Labor Code).

The charge filed with the relevant agency limits the scope of any subsequent civil action.  A lawsuit filed after a complaint has been made may only advance claims within the ambit of the agency investigation reasonably expected to arise out of the charge.  *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995), *abrogated on other grounds by Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 60–61 (2006).  At least one court in this District has applied this requirement to state-law claims based on a charge made to the relevant state agency. *Perez v. MCI World Com Comm.*, 154 F. Supp. 2d 932, 934–936, 938 (N.D. Tex. 2001). This treatment is consistent with the Texas Supreme Court's stated preference for harmonizing the interpretation of state and federal employment discrimination laws.  *See, e.g.*, *In re USAA*, 307 S.W.3d 299, 308 (Tex. 2010) (noting that "[o]ne of the primary goals

of the statute is to coordinate state law with federal law in the area of employment discrimination" and "[t]hus, analogous federal statutes and the cases interpreting them guide" the interpretation of Texas law).

Determining whether claims in a lawsuit meet this standard requires striking a careful balance between competing policy priorities. On one hand, courts should avoid giving a suffocatingly formalistic reading to the charge, with an eye to the reality that the procedures "were not designed for the sophisticated" and that "most complaints are initiated pro se." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal quotation marks omitted). As such, courts must not demand that litigants "check a certain box or recite a specific incantation" to avoid dismissal. *Id.* at 792 (footnote omitted). "On the other hand, a primary purpose of [federal employment law] is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Id.* at 789. As the Fifth Circuit has noted, giving too broad a reading to a plaintiff's initial charge creates a risk of circumventing EEOC action designed to resolve the issue outside the courts. *Id.*.

Balancing these competing priorities counsels in favor of restricting the Court's analysis to the four corners of the EEOC charge in this case. Warden urges the Court to consider, in addition to the charge itself, his affidavit purporting to explain in more detail the account he provided to the EEOC officer when he initiated the complaint. Without addressing whether such an affidavit may be considered at all, the Court concludes that the policy of promoting the efficient resolution of employment disputes outside of litigation favors limiting our consideration to the charge. First, as noted, failure adequately to

ORDER – PAGE 5

describe the circumstances giving rise to the complaint will not allow the EEOC to conduct as thorough an investigation as is warranted by any given complainant's case. Second, the subsequent investigation will largely derive from the facts asserted in the charge itself and not from other notes or memoranda outside the charge. Warden signed the charge at issue here, and the Court credits him with agreeing to its essential factual assertions. Any other course invites litigation of conduct or occurrences that the EEOC would not reasonably have been expected to pursue, which directly contravenes the statutory scheme.

### A. The Charge Does Not Give Rise to an Inference of Retaliation

Even liberally construed, Warden's charge does not assert retaliatory conduct. The document details Warden's termination and simply asserts his belief that he was "discriminated against based on my disability and/or because I was regarded as disabled." Def.'s App. 1. The form contains boxes for the complainant to check as to the basis for the alleged discrimination, and the box for "Retaliation" on Warden's charge is unchecked. *Id.* Taken together, the charge could not reasonably have been expected to instigate an investigation into retaliatory conduct by James Hardie. Courts in this district have reached the same conclusion under like circumstances, dismissing claims or granting summary judgment against complainants based on nearly identical facts. *See, e.g. MCI World Com*, 154 F. Supp. 2d at 938; *Wooten v. Fed. Express Corp.*, 2007 WL 63609 *8 (N.D. Tex. 2007). Accordingly, the Court dismisses the retaliation claim.

### B. Warden Sufficiently Alleged Age Discrimination

Warden's age discrimination claim does not merit dismissal. First, the Court observes that the box for "Age" *was* checked on Warden's EEOC charge. Def.'s App. 1.

ORDER – PAGE 6

In dismissing his retaliation claim, the Court charged Warden with understanding the document he voluntarily signed. It would be incongruous not to credit him with having ensured that the bases underlying his complaint were adequately marked on the charge before he signed it. In other words, marking the box constitutes deliberate action that has the effect of conveying Warden's belief that age factored into his allegedly wrongful termination. The presence of the mark also serves the purpose of putting the EEOC on notice of this contention and the Court views it as reasonably calculated to lead to an investigation of improper age discrimination at James Hardie. Accordingly, the Court denies James Hardie's motion to dismiss as to the age discrimination claim.

## CONCLUSION

For the foregoing reasons, the Court dismisses Warden's retaliation claim with prejudice but declines to dismiss Warden's age discrimination claim.

Signed January 5, 2022.

David C. Godbey
United States District Judge